**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVE LOGGINS,<br><br>           Plaintiff,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada and the County of Clark; DOE CORRECTIONS OFFICERS I-X, inclusive in their individual capacities; DOES I-X and CORPORATE DOES XI-XXI,<br><br>           Defendants. | Case No.: 2:14-cv-01743-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 9), filed by Las Vegas Metropolitan Police Department ("LVMPD"). Plaintiff Steve Loggins ("Plaintiff") filed a Response, (ECF No. 12), and LVMPD filed a Reply, (ECF No. 13). For the reasons discussed below, LVMPD's Motion is **GRANTED in part**.

**I.    BACKGROUND**

This case appears to arise out of an alleged assault and battery against Plaintiff by DOE Inmate. Plaintiff alleges that on "August 26, 2012, Plaintiff was incarcerated as an inmate at the CLARK COUNTY DETENTION CENTER (hereinafter referred to as CCDC) in Las Vegas, Nevada." (Compl. ¶ 7, ECF No. 1 at Exhibit B). Plaintiff alleges, "Defendant DOE inmate attacked, beat and severely injured Plaintiff." (*Id.* at ¶ 12). Further, Plaintiff alleges "LVMPD had a duty of due care to train its corrections officers to properly supervise and keep safe, all inmates in CCDC and to identify and separate dangerous inmates from other inmates." (*Id.* at ¶ 8). Plaintiff alleges LVMPD breached this duty when they "negligently, carelessly,

and recklessly placed [] Defendant DOE Inmate with known mental health problems . . . into an area with Plaintiff without necessary and proper supervision." (*Id.* at ¶ 8).  Plaintiff alleges LVMPD and DOE Corrections Officers "deliberately and indifferently disregarded the risk" that led to Plaintiff's injuries. (*Id.* at ¶ 17).

Plaintiff filed suit, alleging negligence against all Defendants, assault and battery against Defendant DOE Inmate, a claim under 42 U.S.C. § 1983 against DOE Corrections Officers, a § 1983 claim against LVMPD, a § 1983 claim under *Monell* against LVMPD, and a § 1983 claim under *Monell* against the Corrections Officers.

## II. <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In considering the instant Motion, the Court will analyze the sufficiency of Plaintiff's (1) Nevada state law claims, (2) § 1983 claim against DOE Corrections Officers, (3) § 1983 claim against LVMPD, (4) *Monell* claim against LVMPD, and (5) *Monell* claim against DOE Corrections Officers.[1]

### 1) Nevada State Law Claims

For the reasons discussed below, Plaintiff's claims arising under federal law are dismissed, leaving only Plaintiff's Nevada state law negligence, assault, and battery claims. Accordingly, the Court declines to exercise jurisdiction over these claims at this time. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [arising under state law] if . . . the district court has dismissed all claims over which it has original jurisdiction."). If Plaintiff chooses to amend his Complaint, the Court may address these claims at that time.

### 2) Section 1983 Claim Against DOE Corrections Officers and LVMPD

LVMPD argues that Plaintiff's "Eighth Amendment claim against DOE Corrections Officers fails because it states a claim upon which relief cannot be granted." (Mot. Dism. 2:10–12, ECF No. 9). LVMPD argues Plaintiff "does not allege sufficient facts suggesting the DOE corrections officers had reason to suspect another inmate would attack him. Nor does the Complaint state any facts indicating the DOE officers did not take sufficient steps to protect

---

[1] Though both Plaintiff's Second and Third Claims for Relief arise under § 1983, the Court refers to the Third Cause of Action as Plaintiff's "*Monell* claim" for the purpose of clarity.

him." (*Id.* at 11:8–9).

          *i.*     *Section 1983 Claim Against DOE Corrections Officers*

Plaintiff sets forth a claim arising under "§ 1983 AGAINST ALL DEFENDANTS." (Compl. 9:23–24). LVMPD argues Plaintiff's § 1983 claim against DOE Defendants does not contain sufficient facts under the Rule 8(a) pleading standard to state a claim upon which relief can be granted. (Mot. Dism. 11:6–7). LVMPD additionally argues that, because LVMPD is not subject to respondeat superior liability under § 1983, Plaintiff's § 1983 claim should be dismissed because only fictitious DOE Defendants remain. (Mot. Dism. 10:8–11). While persuaded by the argument that LVMPD is immune from respondeat superior liability under § 1983, the Court remains unpersuaded by LVMPD's argument that Plaintiff's § 1983 claim must be dismissed as to DOE Defendants. However, the Court need not rule on this issue at this time, as other deficiencies warrant dismissal of Plaintiff's § 1983 against DOE Defendants.

A prison official has the duty to "take reasonable measures to guarantee the safety of inmates," which includes protecting prisoners from "violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). This does not mean, however, that "every injury suffered by one prisoner at the hands of another [] translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. "A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." *Id.* at 844–45 (citations and quotations omitted). A prison official violates the Eighth Amendment only when his acts constitute deliberate indifference "to a substantial risk of serious harm to an inmate." *Id.* at 828.

A "prison official violates the Eighth Amendment only when two requirements are met." *Id.* at 834. First, an injury must be "sufficiently serious." *Id.* To meet this first requirement "the inmate must show that he is incarcerated under conditions posing a substantial risk of

serious harm." *Id.* Second the prison official must act with "deliberate indifference." *Id.* In order to sufficiently state a claim for deliberate indifference, a plaintiff must allege (1) that the defendant was aware of objective facts which raise an inference that a substantial risk of harm existed; (2) that the defendant was subjectively aware of the substantial risk of harm; and (3) that the defendant did not respond reasonably to the risk. *See, e.g.*, *id. at* 844.

Deliberate indifference is not an objective inquiry; the official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[P]rison officials who lacked knowledge of risk cannot be said to have inflicted punishment." *Id.* at 844.

Even if there are "underlying facts indicating a sufficiently substantial danger," a prison official cannot be found liable if he or she is unaware of the danger or believed, no matter how unsoundly, that the risk was insubstantial or nonexistent. *Id.* "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.* at 845.

Here, Plaintiff does not allege sufficient facts to plausibly imply DOE Corrections Officers' actions meet the third prong of the deliberate indifference standard. While Plaintiff asserts (in a cursory fashion) that DOE Corrections Officers were aware of DOE Inmate's dangerous propensities and the substantial risk of harm, (Compl. ¶ 11), there are not sufficient factual allegations to indicate that DOE Corrections Officers did not respond reasonably to the risk. Plaintiff merely alleges that:

> Defendants LVMPD and DOE Corrections Officers actually knew that the violent, mentally disturbed Defendant DOE inmate presented a substantial risk of serious harm to Plaintiff's safety by assault and battery but recklessly, deliberately and indifferently disregarded the risk of serious harm to Plaintiff's safety by failing to take reasonable

> steps to avoid an assault and battery on Plaintiff by failing to try to stop the assault and battery on Plaintiff, and/or by not acting reasonably or trying hard enough to stop the assault and battery on Plaintiff.

(Compl. ¶ 17).  This is nothing more than a recitation of the "deliberate indifference" standard generally surrounded by boilerplate accusations.  Plaintiff must provide factual allegations of specific actions of Defendant DOE Corrections Officers that leads to the plausible inference that DOE Corrections Officers did not respond to the risk.  DOE Defendants cannot be inferred to have acted with deliberate indifference merely by virtue of the fact that Plaintiff was injured by another inmate. *See, e.g.*, *Farmer* 511 U.S. at 844–45.  Mere legal conclusions do not meet the Rule 8(a) pleading standard. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Accordingly, the Court finds that Plaintiff's § 1983 claim against the individual Defendants fails to satisfy the Rule 8(a) standard, and will therefore be dismissed.

      *ii.*    Section 1983 Claim Against LVMPD

As the Complaint states that Plaintiff's § 1983 claim is asserted "AGAINST ALL DEFENDANTS OTHER THAN DEFENDANT DOE INMATE," (Compl. 4:23–24), Plaintiff ostensibly intended to assert this claim against LVMPD.  However, Plaintiff may not bring a § 1983 claim against a municipality under the theory of respondeat superior. *See Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 693–94 (1978).  Accordingly, to the extent that it is asserted against LVMPD, Plaintiff' § 1983 claim against LVMPD is not cognizable and is therefore dismissed.

    **3)**    ***Monell* Claim Against LVMPD and DOE Corrections Officers**

LVMPD argues, "Plaintiff has not alleged a policy, practice, or custom to support his Monell claim." (Mot. Dism. 12:24).  LVMPD argues that, in order to properly state a *Monell* claim, Plaintiff must plausibly allege that "policy" or "custom" of LVMPD caused the alleged constitutional violation. (*See id.* at 12:25–27).

         *i.*      *Monell Claim Against LVMPD and DOE Corrections Officers in their Official Capacities*

Plaintiff asserts a *Monell* claim against LVMPD based on its alleged "failure to properly train and/or supervise LVMPD Corrections Officers." (Compl. ¶ 21). Plaintiff also asserts that DOE Corrections Officers "were persons who were residents of the State of Nevada, and were acting under color of the laws of the State of Nevada." (*Id.* at ¶ 3).

To bring a claim for the deprivation of a constitutional right by a local governmental entity, Plaintiff "must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the [P]laintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91 (1989)).

"[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 407 (1997) (citing *City of Canton, Ohio* 89 U.S. at 388–89). "A showing of simple or even heightened negligence will not suffice." *Brown*, 520 U.S. at 407.

Here, Plaintiff does not allege sufficient facts to draw a plausible inference that LVMPD had a policy that amounted to deliberate indifference. LVMPD correctly argues "there is no identification of a policy, that when enforced, caused the alleged constitutional violations." (Mot. Dism. 13:4–5). Plaintiff's vague assertion that DOE Corrections Officers "placed" him in "an area" with DOE Inmate not only lacks factual allegations indicating that DOE Corrections Officers and LVMPD acted unreasonably, but also fails to raise an inference that LVMPD had a *policy* of doing so.

Accordingly, the Court finds that Plaintiff fails to state a claim upon which relief can be granted as to his *Monell* claim against LVMPD.

    ii. *Monell Claim Against DOE Corrections Officers*

Plaintiff asserts that DOE Corrections Officers "were persons who were residents of the State of Nevada, and were acting under color of the laws of the State of Nevada. They are sued in their individual capacities." (Compl. ¶ 3). To the extent Plaintiff is asserting a *Monell* claim against DOE Corrections Officers in their individual capacities, this claim is not cognizable and is therefore dismissed. *See Brown*, 520 U.S. at 403 (explaining that a claim brought under *Monell* imposes liability on a municipality under § 1983).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that LVMPD's Motion to Dismiss, (ECF No. 9), is **GRANTED in part**. Plaintiff's § 1983 claim is **DISMISSED without prejudice** as to DOE Defendants and is **DISMISSED with prejudice** as to LVMPD. Plaintiff's *Monell* claim is **DISMISSED without prejudice** as to LVMPD and **DISMISSED with prejudice** as to DOE Corrections Officers in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **March 11, 2015**, to file an Amended Complaint in this action. Failure to file by this deadline will result in dismissal of Plaintiff's federal claims with prejudice and remand of Plaintiff's claims arising under Nevada law.

**DATED** this 24th day of February, 2015.

            _____
            Gloria M. Navarro, Chief Judge
            United States District Court